**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-30850
(Summary Calendar)

GEORGE SMITH AND
MARY SMITH,

Plaintiffs-Appellants,

versus

CITY OF MINDEN,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(93-CV-2124)

March 12, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

George and Mary Smith appeal the district court's dismissal with prejudice and judgment in

favor of the City of Minden on various claims brought by the Smiths under 42 U.S.C. § 1983 that

La.R.S. 33:4761 et seq. is unconstitutional. Specifically, the Smiths alleged in their action filed under

section 1983 that La.R.S. 33:4761 et seq., is unconstitutionally overbroad or vague and violative of

their due process rights under the Fifth and Fourteenth Amendments to the Constitution. After fully

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

considering the Smiths' constitutional claims, the district court dismissed them with prejudice. Having reviewed the Smiths' arguments and the record on appeal <u>de novo,</u> we affirm the judgment regarding the Smiths' constitutional claims for the same reasons stated by the district court. <u>Smith v. City of Minden</u>, No. 93-CV-2124 (W.D. La. July 8, 1996).

Under the facts of this case, the Smiths have not shown that La.R.S. 33:4761 <u>et seq</u>. did not provide an adequate opportunity to be heard. <u>Matthews v. Eldridge</u>, 424 U.S. 319, 333 (1976). Moreover, when viewed under the appropriate rational basis test, La.R.S. 33:4761 <u>et seq</u>. passes constitutional muster by being rationally related to a legitimate state interest. <u>Soho v. Wainwright</u>, 601 F.2d 184, 190 (5th Cir. 1979). Finally, in the context of our prior decisions, the Smiths have not forwarded a compelling argument that La.R.S. 33:4761 <u>et seq</u>. is unconstitutionally vague. <u>See Traylor v. City of Amarillo</u>, 492 F.2d 1156 (5th Cir. 1974).[1]

Accordingly, we agree with the district court that La.R.S. 33:4761 <u>et seq</u>. does not violate the Smiths' due process rights, nor is the statute unconstitutionally vague. We therefore AFFIRM.

AFFIRMED.

---

[1]On appeal, the Smiths no longer argue that La.R.S. 33:4761 is overbroad.